FILED

13 DEC 10 AM 9:21

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ML DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT M. RUBINO, | Civil No. 13-cv-2707-BEN (NLS) |
|---|---|
| Petitioner, | |
| v. | **ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION** |
| DANIEL PARAMO, Warden, | |
| Respondent. | **[Docket No. 5]** |

On November 11, 2008, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. (ECF No. 1.) On November 20, 2013, the Court granted Petitioner leave to proceed in forma pauperis, and dismissed the Petition on the basis that Petitioner had not presented any of his claims to the California State Supreme Court, and had therefore failed to allege exhaustion of state court remedies as to any claim presented in the Petition. (ECF No. 3.) Petitioner was instructed that in order to proceed with this action, he was required to file a First Amended Petition which cured that defect of pleading on or before January 15, 2014. (Id. at 4.)

Rather than file a First Amended Petition, Petitioner has filed a Motion for Reconsideration of the Court's November 20, 2013 Order. (ECF No. 5.) Petitioner points out that he alleged in his original Petition that it would be futile for him to present his claims to the California Supreme Court because that court has consistently addressed

the issues he raises here, and there are no intervening United States Supreme Court decisions addressing the issues or any indication that the California Supreme Court will change its opinions. (See Pet.'s Mot. at 2, citing Pet. at 10.) Petitioner's futility argument is unavailing. See Parson v. San Quentin Prison Warden, 158 Fed.Appx. 814, 816 (9th Cir. 2005) (citing Engle v. Issac, 456 U.S. 107, 130 (1982) (rejecting futility argument because state courts may reconsider previous holdings)).

Petitioner also contends that without ordering a responsive pleading he is denied the opportunity for Respondent to waive the exhaustion requirement, and Respondent may agree that one or more of the claims is exhausted, which would open the door to Petitioner utilizing the stay and abeyance procedure. (Pet.'s Mot. at 3-4.) Petitioner is free to attempt to obtain a written waiver of the exhaustion requirement from the California Attorney General and submit it to this Court. See 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.")

## CONCLUSION AND ORDER

For the forgoing reasons, Petitioner's Motion for reconsideration of the Court's November 20, 2013 Order is **DENIED**. This action remains **DISMISSED** without prejudice. If Petitioner wishes to proceed with this action he must file a First Amended Petition which adequately alleges exhaustion of state court remedies on or before **January 15, 2014**. If Petitioner fails to allege exhaustion of state court remedies on or before that date, and he still wishes to proceed with his claims in a federal habeas action, he will be required to start over by filing a new federal habeas petition which will be given a new civil case number.

IT IS SO ORDERED.

DATED: 12/09/13

HON. ROGER T. BENITEZ
United States District Judge

Copies to: ALL PARTIES